JAMES L. COX v. THE AMERICAN DREDGING COMPANY.

Argued June 8, 1910—Decided November 9, 1910.

1. The amendatory act entitled "An act to amend an act entitled 'An act to enable the owners of the tide swamps and marshes to improve the same and the owners of meadows already banked and held by different persons to keep the same in good repair.' passed November 29th, 1788," approved March 1st, 1904 (*Pamph. L., p.* 24), is unconstitutional, because its object is not expressed in its title.

2. The amendatory act of March 1st, 1904 (*Pamph. L., p.* 24), is invalid as depriving persons of property without due process of law, contrary to the fourteenth amendment to the constitution of the United States, at least so far as it extends to parties who had acquired their rights before its approval.

On *certiorari.*

On December 1st, 1851, the owners, four in number, of tracts of adjoining meadow land in the township of Woolwich, in the county of Gloucester, which is now the township of Logan, made application to the Court of Common Pleas of said county, under the act entitled "An act to enable the owners of tide swamps and marshes to improve the same, and the owners of meadows already banked and held by different persons to keep the same in good repair," passed November 29th, 1788, and the supplements thereto, for the appointment of commissioners.

The application stated that the said meadow had been already banked, and that the owners and occupiers of a part of the bank neglected and refused to keep up their parts of the bank in repair to the damage or danger of the other owners. The court, under the sixteenth section of the act, appointed three commissioners, who subsequently made return that they had allotted and laid off to the several owners respectively, certain specially described portions of the bank, to keep up and maintain thereafter, and also that they had laid out the water courses, to be opened and always thereafter kept open at

the cost of the parties interested, their heirs and assigns, in the proportions therein specially mentioned. And, further, that the water courses outside of the bank, and from thence to low-water mark on the Delaware river, shall be kept open and supported at a like proportion of expense between the parties as was by them directed for the support of the water courses within the bank.

So far as the record shows, this condition of affairs has obtained and the apportionment been acquiesced in and acted under by the owners of the meadow and their successors in title down to the present time. On the first day of March, 1904, the legislature passed an act entitled "An act to amend an act entitled 'An act to enable the owners of the tide swamps and marshes to improve the same and the owners of meadows already banked in and held by different persons to keep the same in good repair,' passed November 29th, 1788." This amendment purports to amend the sixteenth section of the original act. On April 14th, 1909, under it the defendant, the American Dredging Company, one of the present owners of said meadow, gave notice to James L. Cox and John Cadwalader, the remaining owners, that it would take action under the supplement of 1904, and thereupon by petition applied to the Court of Common Pleas of said county for the appointment of commissioners to make a new order of maintenance or division of the banks established under the act, and to alter, shut up and relay the water courses in such manner as to them might seem most beneficial for the safety and improvement of the remaining meadow and meadows, and just and equitable between the remaining parties concerned, and likewise to alter the place of making and repairing any banks or works which may be necessary by washes, breaches or otherwise, and in such manner that the meadow and meadows of the applicant, the American Dredging Company, shall be relieved and discharged from any future obligation therefor.

The petition also sets forth the proceedings of the original owners as hereinbefore recited, and that the meadows are now owned one part by James L. Cox, the prosecutor, another part

by John Cadwalader, and another part by the American Dredging Company, the defendant.

It avers that more than ten years have elapsed since the recording of the original certificate, and that the dredging company is desirous of being relieved from the effect of the order, "or the purpose of filling in, improving and otherwise changing the existing conditions of its meadows."

Pursuant to this petition on May 19th, 1909, the court by order appointed three commissioners for the above-mentioned purpose. This order, together with the proceedings upon which it is founded, have been brought into this court by the prosecutor by this writ of *certiorari* for review.

Before Justices SWAYZE and VOORHEES.

For the prosecutor, *Austin H. Swackhamer.*

For the defendant, *David O. Watkins.*

The opinion of the court was delivered by

VOORHEES, J. Among the reasons relied on by the prosecutor to annul the order is that which challenges the constitutionality of the amendatory act of 1904 (*Pamph. L., p.* 24), which operates upon section 16 of the original statute of 1788. *Gen. Stat., p.* 2024, § 16.

The attack is divided into two parts. First, it is contended that its object is not expressed in its title and, therefore, is violative of article IV., section 7, paragraph 4 of the constitution. The original act was passed in part to enable owners of meadows already banked in to maintain and keep in repair such banks at the expense of such owners to be apportioned among them. This was clearly expressed in its title. The amendatory act, however, while using the same title, is quite destructive of the original purpose, for by a proviso any owner after ten years "desirous of being relieved from the operation and effect of such order * * * may apply to the said Court of Common Pleas * * * to appoint * * * commissioners, a majority of whom * * * shall and they

are hereby empowered and *directed* to make a new order * * * and to alter * * * the water courses * * * and in such manner that the meadow of said applicant shall be relieved and discharged from any future obligations therefor."

It is not in furtherance of the original legislation, but its effect is to relieve the owners of a banked meadow from the obligation "to keep the same in repair."

Legislation can be effectual only with respect to an object expressed in its title, and then the title limits the scope of the law as well as displays the intent with which it was enacted. *Hendrickson* v. *Fries,* 16 *Vroom* 555. Clearly the object of this proviso is not included in the title, and applying the above rule, the legislation attempted is ineffectual.

The second division of the attack is made by invoking the federal constitution. The prosecutor contends that the enactment of the amendatory legislation was in disregard of the fourteenth amendment to the constitution of the United States, which reads, "Nor shall any state deprive any person of * * * property without due process of law."

The original act of 1788, while it has been subjected by the Court of Errors and Appeals to severe criticism regarding its validity in *Hoagland* v. *Wurts,* 12 *Vroom* 175, yet in face of the doubts there expressed, was indirectly upheld on the foundation of inveterate usage, and because the ancient custom placed the drainage scheme in the hands of the interested parties. I say indirectly upheld because the act was not directly involved in that case, but its approval was so clearly and forcibly put, and so pronounced, as to amount almost to a direct deliverance upon the subject. This court, in *State, Kean, pros.,* v. *Driggs Drainage Co.,* 16 *Id.* 91, and *Benjamin* v. *Bog and Fly Meadow Co.,* 39 *Id.* 197, refers approvingly to the reasons put forth in that case for holding valid the ancient drainage schemes.

The original act, then, being a proper exercise of legislative power, and the proceedings thereunder being completed, and the present owners, having acquired their holdings with knowledge thereof, established certain rights between the parties,

and perhaps created a servitude in favor of each of the tracts upon all the other tracts. It was undoubtedly such a right in each owner in the lands of each of the other owners as amounted to property. The act of 1904 divested these owners of property rights without compensation, and without due process of law, for the language of the act appears to be mandatory, obliging the commissioners, by an express direction, to make the order discharging the applicant from all future obligations.

The act is therefore invalid as depriving persons of property without due process of law, at least so far as it extends to parties who had acquired their rights before its approval.

The order made by the Court of Common Pleas will be set aside, with costs.